NEW JERSEY MISCELLANEOUS REPORTS. 1063

NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

ERNEST WINTERS, petitioner,

*v.*

WEIDMAN SILK DYEING COMPANY, respondent.

**Action Barred by Statute of Limitations—Payments Made and to be Made Not as Legal Compensation, but as Donation—Application Dismissed by Consent.**

On determination and rule for judgment.

*Mr. James M. Dunn,* for the petitioner.

*Mr. Richard W. Baker,* for the respondent.

A petition having been filed for compensation under the provisions of chapter 95, laws of 1911, known as the Workmen's Compensation act, and a time and place having been set for the hearing thereof, and it appearing that this action is barred by the statute of limitation, in that a petition was not filed within a year after the date of the alleged accident, and that no compensation payments were at any time made to the petitioner or to anyone on his behalf, and that the said petitioner therefore has no claim whatsoever under the Compensation act, and it further appearing that the money received by the petitioner from the respondent, which amounted to half his wages for a certain period of time, was a charitable donation, and in no way can be considered as compensation, and it further appearing that the respondent is willing to contribute the sum of $250 to the said petitioner as a charitable donation in consideration of his unfortunate condition, and is in no manner to be construed as a settlement of any claim petitioner may have against the said respondent.

---

---

It is ordered that the petition filed be dismissed, and the proceedings now pending before the Workmen's Compensation Bureau be and the same are hereby discontinued.

WILLIAM B. McMICHAEL,

*Referee.*

I hereby consent to the entering of the within determination and rule for judgment.

RICHARD W. BAKER,

JAMES M. DUNN,  *Attorney for Respondent.*

*Attorney for Petitioner.*